876 F.2d 895
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman Karl SCOTT, Plaintiff-Appellant,
v.
B. UNMUTH; R. Didomenico, Defendants-Appellees.
 No. 88-2126.
 United States Court of Appeals, Sixth Circuit.
 June 14, 1989.
 
 Before KENNEDY, RALPH B. GUY and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Norman Karl Scott, a pro se state prisoner, appeals the order of the district court dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983.
 
 
 3
 Seeking monetary and injunctive relief, Scott sued multiple prison officials alleging that they violated his eighth amendment rights by failing to give him adequate medical attention for his broken arm until three days after he broke it.
 
 
 4
 Upon de novo review of the case in light of the plaintiff's objections, the district court adopted the magistrate's report and recommendation and dismissed the suit as frivolous pursuant to 28 U.S.C. Sec. 1915(d). Plaintiff has filed a timely appeal challenging the district court's judgment of dismissal and also challenging the refusal of the Clerk of the district court to accept a motion for default judgment, pursuant to Fed.R.Civ.P. 55, which Scott attempted to file prior to the issuance of the judgment of dismissal.
 
 
 5
 Upon review, we conclude that the district court properly dismissed the complaint as frivolous, as Scott could prove no state of facts which would entitle him to relief under Sec. 1983. The complaint failed to establish deliberate indifference to his serious medical needs, such as the wantonness or obduracy in the infliction of pain necessary to establish a claim under the eighth amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). See also Birrell v. Brown, 867 F.2d 956, 958 (6th Cir.1989). Although Scott places great reliance on the holding of the Fourth Circuit in Loe v. Armistead, 582 F.2d 1291, 1296, n. 3 (4th Cir.1978), cert. denied, 446 U.S. 928 (1980), the instant case is readily distinguishable from the situation in Loe. In this instance, Scott was examined by nurses in his cell following his injury, and it did not become obvious that Scott had suffered a broken arm until a few hours before he was examined by a physician and an x-ray was taken of his arm.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.