880 F.2d 414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert BROWN, Jr., Plaintiff-Appellant,
v.
Captain BAKER; Sgt. Heidle; Skip Ball; Joel Smith; John
Rolling; and Patrick Floyd, Defendant-Appellees.
 No. 88-5259.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1989.
 
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant, Robert Brown, Jr. (Brown), an inmate in the Tennessee Department of Correction Prison facility in Pikeville, Tennessee, has appealed from the district court's grant of a directed verdict in favor of defendants-appellees, correction officers,[1] (collectively referred to as "officers"). Brown initiated the instant action pursuant to 42 U.S.C. Sec. 1983 charging that the officers violated his constitutional rights afforded by the Eighth Amendment of the United States Constitution when they allegedly assaulted him on the evening of March 19, 1986.
 
 
 2
 During trial, Brown's testimony, corroborated by the testimony of fellow inmates, disclosed that, while handcuffed behinded his back, he was thrown to the floor by two officers who were immediately assisted by two additional officers and, thereafter, the four officers punched and kicked him in the face, ribs and groin. Brown further testified that, at this point, Sergeant Heidle (Heidle) pinned him to the floor with the heel of his boot. Brown charged that he suffered injuries to his mouth and wrist which required medical attention.
 
 
 3
 The testimony of the officers, including Heidle, demonstrated that in an effort to restrain Brown's violent resistance while he was being returned to his cell some minimal force was applied to subdue him. The officers categorically denied kicking or punching Brown. Additionally, Heidle denied stepping on Brown's neck with the heel of his boot.
 
 
 4
 After the close of the testimony, the district court, on January 14, 1988, granted a directed verdict in favor of the officers. The district court concluded, in the alternative, that (1) the prison officials were entitled to the defense of qualified immunity; (2) there was no evidence upon which the jury could have inferred wanton conduct on the part of the prison officers and a violation of the Eighth Amendment; and (3) there was no objective evidence that Brown had been injured.
 
 
 5
 On a directed verdict, resolution of factual disparities and issues of credibility, by the trial judge, is improper.
 
 
 6
 In determining whether the evidence is sufficient to be sent to the jury, or to support a jury verdict, the evidence, and reasonable inferences therefrom, is to be viewed in the light most favorable to the non-moving party and the court ... must not consider the credibility of witnesses nor weigh the evidence.... To do otherwise is to substitute the court's opinion for that of the jury.
 
 
 7
 Erskine v. Consolidated Rail Corp., 814 F.2d 266, 269 (6th Cir.1987); see also Coffy v. Multi-County Narcotics Bureau, 600 F.2d 570 (6th Cir.1979); Bellamy v. Bradley, 729 F.2d 416 (6th Cir.), cert. denied, 469 U.S. 845 (1984). When reviewing an order granting a directed verdict, an appellate court must apply the same standard as imposed upon a district court in considering the propriety of such a disposition. Milstead v. International Brotherhood of Teamsters Local 957, 580 F.2d 232 (6th Cir.1978).
 
 
 8
 On appeal, Brown argued that the district court erred in granting a directed verdict on behalf of the officers because factual issues relating to credibility existed which precluded conferring the protection of qualified immunity upon the officers. Existing precedent directs that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982); see also Ramiriz v. Webb, 835 F.2d 1153 (6th Cir.1987). Qualified immunity is an affirmative defense that must be pleaded by the defendant. Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).
 
 
 9
 "In order to be 'clearly established,' the particular circumstances of a case need not have been previously held illegal; instead, precedent must be clear enough to put a reasonable official on notice that his actions are illegal or unconstitutional." Birrell v. Brown, 867 F.2d 956, 958 (6th Cir.1989). In Anderson v. Creighton, 483 U.S. ----, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987), the Supreme Court mandated that the inquiry into the clearly established right must not be viewed at an abstract level, but rather the court must ascertain "whether the law was clear in relation to the specific facts confronting the public official when [he or she] acted." Id. at ----, 107 S.Ct. at 3039.
 
 
 10
 The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but is to say that in the light of preexisting law the unlawfulness must be apparent.
 
 
 11
 Id. at ----, 107 S.Ct. at 3039 (citations omitted).
 
 
 12
 On March 19, 1986, the date on which Brown was allegedly injured, the clearly established legal precedent indicated that factually the degree of force required to enforce security measures within a scenario of charged Eighth Amendment violations "turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986); accord Parrish v. Johnson, 800 F.2d 600, 605 (6th Cir.1986).
 
 
 13
 In the case at bar, there were discrepancies of fact coupled with issues of credibility which precluded the district court from entering a directed verdict pursuant to the doctrine of qualified immunity which impermissably removed the case from of the jury. "Since this inquiry will turn on the circumstances with which the official is confronted, and often on the information that he possesses, the district court must consider all the undisputed evidence produced as a result of discovery, read in the light most favorable to the non-moving party." Poe v. Haydon 853 F.2d 418, 425 (6th Cir.1988) (emphasis added), cert. denied, 109 S.Ct. 788 (1989); see also Green v. Carlson, 826 F.2d 647, 650-52 (7th Cir.1987). "If the undisputed facts show that defendant's conduct, as a matter of law, did not violate clearly established legal rights, then the district court must grant the defendant summary judgment on the basis of qualified immunity. Poe, 853 F.2d at 425. "Regardless of the stage at which the issue of qualified immunity is addressed, the district court should indicate the clearly established right at issue and the factual basis for its conclusion that a genuine issue exists as to the commission of acts violation that right." Poe, 853 F.2d at 426; see also Dominque v. Telb, 831 F.2d 673, 677 (6th Cir.1987); Rakovich v. Wade, 850 F.2d 1180, 1204-1205 (7th Cir.1988) (en banc) ("[W]hen the issue of qualified immunity arises in the directed verdict ... context[], the district court should consider all the undisputed evidence in the record in the light most favorable to the non-movant."), cert. denied, 109 S.Ct. 497 (1989); Figueroa-Rodriguez v. Aquino, 863 F.2d 1037, 1041 (1st Cir.1988)(same).
 
 
 14
 Viewing this testimony in a light most favorable to Brown, a jury could have reasonably credited Brown's testimony as to the events of March 19, 1986 and thereby concluded that a reasonable correction officer would have known that those actions constituted a violation of the clearly established constitutional rights afforded by the Eighth Amendment. Since the district court, confronted with this conflicting testimony, did in fact resolve issues of credibility and factual disparities, it improperly determined, on a directed verdict, that the officers were entitled to qualified immunity. Melear v. Spears, 862 F.2d 1177, 1184 (5th Cir.1989)(Where there are historical factual issues confronting the trial court, the case should be submitted to the jury to determine whether the defendants' violated the clearly established law at the time of the offense.); Thorsted v. Kelly, 858 F.2d 571, 575 (9th Cir.1988) ("[W]hen there are triable issues of fact of a reasonable belief that a search is lawful, viewed in light of the settled nature of the law, these issues of fact are for the jury."); Bosewell v. Sherburne County, 849 F.2d 1117, 1120-1122 (8th Cir.1988)(same), cert. denied, 109 S.Ct. 796 (1989); accord Kennedy v. City of Cleveland, 797 F.2d 297, 300 (6th Cir.1986)(If a motion for summary judgment or directed verdict is denied by the trial court because of factual issues, it does not "preclude the interposition of the defense of immunity as a defense to liability on the merits."), cert. denied 107 S.Ct. 1334 (1987).
 
 
 15
 Similarly, the district court's alternative conclusion that the officers' actions did not constitute a violation of the Eighth Amendment was improper. If Brown's testimony, corraborated by the testimony of his fellow inmates, was fully credited, a jury could have reasonably inferred that Heidle's acts, coupled with the acts of the other officers, were not undertaken in a "good faith effort" to maintain security and/or restore discipline and thereby constituted an Eighth Amendment infringement. Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 2512 (1986); Parrish v. Johnson, 800 F.2d 600 (6th Cir.1986).
 
 
 16
 Lastly, the district court, in its alternative determination, also erred in precluding Brown's claim because it found no objective evidence of an injury. Brown testified that he sustained injuries to both his face and wrist. While the officers introduced evidence challenging the extent of the alleged injuries, if any, which Brown claimed to have sustained, the district court's directed verdict required a resolution of this conflicting testimony. Coffy, 600 F.2d at 572 (district court may not weigh the evidence on a motion for directed verdict). Furthermore, this court has held that an Eighth Amendment violation, based upon tortious assault or battery, creates a presumption of compensatory injury. Parrish v. Johnson, 800 F.2d 600, 605 (6th Cir.1986)("[I]f the constitutional violation is composed of assaults, batteries, or other dignitary torts, an actual injury requirement would be contrary to the common-law rule which presumes general damages from this type of tortious conduct ... [thus] damages may be inferable merely from the conduct constituting the constitutional violation."); see also Walje v. Winchester, 773 F.2d 729, 731-32 (6th Cir.1985). Consequently, the district court erred in its determination dismissing Brown's action for failing to establish compensatory injury.
 
 
 17
 Accordingly, the judgment of the district court is hereby REVERSED and REMANDED for further proceedings consistent with this opinion.
 
 
 
 [1]
 The individual officers are Captain Baker, Sgt. Heidle, Skip Ball, Joel Smith, John Rollins and Patrick Floyd