887 F.2d 265
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Esley D. CLEMONS, Plaintiff-Appellant,
v.
Stephen H. NORRIS, Commissioner; Herman C. Davis, Warden,
Defendants-Appellees.
 No. 89-5311.
 United States Court of Appeals, Sixth Circuit.
 Oct. 16, 1989.
 
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Easley D. Clemons, a pro se Tennessee state prisoner, appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Clemons sued the warden of the Morgan County Regional Correctional Facility and the Commissioner of the Tennessee Department of Corrections, alleging that he had been denied due process in disciplinary hearings finding him guilty of assault and attempted assault, and that the disciplinary findings had been affirmed on appeal by these defendants. He sought declaratory, injunctive, and compensatory relief. The district court granted defendants' motion for summary judgment, concluding that Clemons had received due process, and alternatively, that the named defendants were not personally involved in the disciplinary process.
 
 
 3
 Upon consideration, we conclude that genuine issues of material fact remain which render summary judgment for defendants improper. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The existing record does not refute Clemons' claims that he was not permitted to submit certain documentary evidence or testimony. Furthermore, the record does not contain any basis for finding the confidential informants' statements relied on to be credible, nor any details of the informants' statements, and thus there is no evidence of record to support the disciplinary decision. See Hensley v. Wilson, 850 F.2d 269, 282 (6th Cir.1988). Finally, defendants have not challenged plaintiff's claim that they affirmed and thus condoned the disciplinary decision on appeal, which is sufficient personal involvement to state a claim against them. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 4
 Accordingly, the district court's judgment is hereby vacated and this case is remanded for further consideration. Rule 9(b)(6), Rules of the Sixth Circuit.