893 F.2d 1334
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert Alan GALLAGHER, Plaintiff-Appellant,
v.
STATE OF OHIO; Anthony J. Celebrezze, Jr., Attorney
General; Richard F. Celeste, Governor; Thomas
Moyer, Hon., Defendants-Appellees.
 No. 89-3420.
 United States Court of Appeals, Sixth Circuit.
 Jan. 19, 1990.
 
 Before BOYCE F. MARTIN, Jr. and WELLFORD, Circuit Judges, and GEORGE CLIFTON EDWARDS, Jr., Senior Circuit Judge.
 ORDER
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 Plaintiff filed his civil rights action under 42 U.S.C. Sec. 1983 claiming that the State of Ohio, the Governor of Ohio, the Attorney General of Ohio and the Chief Justice of the Ohio Supreme Court were responsible for his unconstitutional arrest and prosecution. The district court dismissed plaintiff's complaint pursuant to Fed.R.Civ.P. 12(b)(6), because it lacked jurisdiction over the State of Ohio and because plaintiff's complaint failed to state a claim upon which relief could be granted with respect to the other defendants.
 Upon review, we find no error. The State of Ohio and its officials cannot be sued for money damages under 42 U.S.C. Sec. 1983. Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989). And, even if sued individually, Governor Celeste and Attorney General Celebrezze could not be held liable on the theory of respondeat superior. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989). Chief Justice Moyer is also absolutely immune for his judicial acts under the circumstances set out in Gallagher's complaint. Stump v. Sparkman, 435 U.S. 349 (1978).
 
 
 1
 Accordingly, the judgment of the district court is affirmed, essentially for the reasons stated in the court's eight page order. Rule 9(b)(5), Rules of the Sixth Circuit.