894 F.2d 407
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Michael A. GRAY, Plaintiff-Appellant,
v.
J. SWITZENBERG; H. Grinage; R. Henderson, Defendants-Appellees.
 No. 89-1461.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1990.
 
 Before WELLFORD and RALPH B. GUY, Jr., Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the judgment of the district court dismissing his complaint filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Michael A. Gray sued three employees of the State Prison of Southern Michigan (SPSM) in Jackson, Michigan. Gray complained that the defendants falsely accused him of an assault on a guard and moved him to a different cell. He contended that his rights to procedural due process and access to the courts were violated. He also contended that he was the victim of cruel and unusual punishment and that defendants intentionally inflicted emotional distress upon him.
 
 
 3
 The district court granted defendants' motion to dismiss and denied Gray's motion for partial summary judgment. The district court held that Gray's due process rights were not abridged; that Gray made absolutely no showing of any prejudice cognizable under any recognized standard of access to the courts; that Gray was not the victim of cruel and unusual punishment; and, that prison officials must be granted wide discretion in the day to day management of the prison. Finally, the district court dismissed Gray's complaint that the defendants intentionally inflicted emotional distress upon him on the grounds that the claim is a pendent state claim dependent upon the federal claims and is otherwise prohibited by the eleventh amendment.
 
 
 4
 Upon review, we find no error. Dismissals of suits by pro se plaintiffs and all dismissals under Fed.R.Civ.P. 12(b)(6) are subject to a liberal standard of review. The factual allegations are accepted as true and the dismissal should be affirmed only if it appears beyond doubt that the plaintiff could prove no set of facts which would entitle him to relief. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988).
 
 
 5
 Gray was not denied procedural due process. He received a hearing on the charge, and was found not guilty. He received the process due him and indeed his liberty was not denied. If anything, Gray attempts to assert a claim for a substantive due process violation. However, this claim likewise fails because the circumstances of this case simply do not reflect an egregious abuse of governmental power as the guard reasonably could have thought that Gray assaulted him. Cf. Cale v. Johnson, 861 F.2d 943, 951 (6th Cir.1988).
 
 
 6
 Gray asserts no facts whatsoever to support his contention that his access to the courts has been unconstitutionally restricted. See generally Bounds v. Smith, 430 U.S. 817, 824-25 (1977).
 
 
 7
 Gray was not the victim of cruel and unusual punishment. Plaintiff must produce evidence of seriously inadequate and indecent surroundings. Birrell v. Brown, 867 F.2d 956, 958 (6th Cir.1989). Gray alleges only that his new cell is drafty and noisy. He does not allege that he is suffering from the wanton infliction of pain. He did not suffer from cruel and unusual punishment. The district court did not err.
 
 
 8
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.