902 F.2d 33
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Joe GODFREY, Plaintiff-Appellant,
v.
Jeff REYNOLDS, Commissioner, Defendant-Appellee.
 No. 89-6552.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1990.
 
 1
 Before BOYCE F. MARTIN, Jr. and BOGGS, Circuit Judges, and CHARLES W. JOINER, Senior District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and appellant's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Joe Godfrey moves for counsel and appeals from the district court's order dismissing his 42 U.S.C. Sec. 1983 civil rights action.
 
 
 4
 Godfrey claimed that officials in the Tennessee Department of Corrections (TDOC) were deliberately indifferent to his serious medical needs. The defendant is the commissioner of the TDOC. Godfrey requested injunctive relief.
 
 
 5
 After reviewing the defendant's motion for summary judgment and Godfrey's response, the district court granted the defendant's motion, as Godfrey has received continuous medical care and treatment.
 
 
 6
 Godfrey requests counsel to assist him in raising the same claim on appeal.
 
 
 7
 Upon consideration, we conclude that the district court properly granted the defendant's motion for summary judgment as there is no genuine issue of material fact and the defendant is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 8
 The record does not show that the prison officials were deliberately indifferent to Godfrey's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). Godfrey claimed that, for the past year, a bone has been protruding through the bottom of his right toe, and that his wound is constantly open and bleeding. He claimed that prison officials failed to provide adequate medical care for his condition. However, his medical records show that prison officials have provided Godfrey with continuous medical care. Specifically, medical records show that clinical personnel and other medical professionals have examined Godfrey several times a month since December 1988 for medical problems, including problems with his right foot. On several occasions, he has been treated at the Tennessee State Prison Hospital's Podiatry Clinic. He was issued special orthopedic shoes which helped him. Furthermore, these shoes have been reissued several times after Godfrey reported them lost or stolen. Godfrey himself frustrated efforts to provide effective medical treatment by not wearing the shoes while working. This is contrary to a physician's orders.
 
 
 9
 Finally, Reynolds cannot be liable under the doctrine of respondeat superior, as Godfrey did not establish that he condoned, encouraged, or participated in the alleged misconduct. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 10
 For these reasons, the motion for counsel is denied, and the district court's order is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation