902 F.2d 34
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Derrick MOWATT, Plaintiff-Appellant,
v.
G.B. BROWN; E. Perry; Defendants-Appellees,
D. Wozniak, Defendant.
 No. 89-1955.
 United States Court of Appeals, Sixth Circuit.
 May 9, 1990.
 
 Before KENNEDY and WELLFORD, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 This pro se Michigan prisoner brought a 42 U.S.C. Sec. 1983 action against the prison mailroom supervisors of the State Prison for Southern Michigan (SPSM), alleging that his constitutional rights were being violated by the defendants opening his legal mail outside his presence. Mowatt originally named as defendants D. Wozniak, who was dismissed pursuant to 28 U.S.C. Sec. 1915(d), as well as E. Perry and G.B. Brown, the mailroom supervisors at SPSM. Perry and Brown filed a motion to dismiss and also a motion for summary judgment. A magistrate recommended that the defendants' motion for summary judgment be granted. Despite Mowatt's objections, the district court adopted the magistrate's recommendation and granted summary judgment for the defendants.
 
 
 3
 Upon consideration, we conclude that summary judgment was properly granted because there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). That Mowatt does not allege which mailroom personnel actually opened his legal mail warrants dismissal of his claim. Liability under Sec. 1983 cannot be established on the basis of respondeat superior. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989). Furthermore, a complaint which fails to allege that the supervisor encouraged, condoned, or participated in a constitutional violation will be dismissed as to that individual. See Birrell, 867 F.2d at 959; Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). Mowatt did not specifically allege any personal involvement by the defendants which would support a finding of liability. This lack of involvement is fatal to his Sec. 1983 claim. Consequently, summary judgment was properly entered.
 
 
 4
 In addition, the complaint does not state that the defendants are sued in their individual capacities. State officials sued in their official capacities for money damages are not persons for the purpose of Sec. 1983. See Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2311-12 (1989).
 
 
 5
 Finally, it is noted that Mowatt's transfer to the Huron Valley Mens Facility rendered his claim for declaratory and injunctive relief moot. See McKinnon v. Talladega County, Alabama, 745 F.2d 1360, 1363 (11th Cir.1984).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.