915 F.2d 1574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald WEAVER, Leo McKaye, Morris Martin, Plaintiffs-Appellants,
v.
Raymond TOOMBS, Robert Brown, Jr., Donald Mason, Robert
Mulvaney, Ted Strassburg, Defendants-Appellees.
 No. 90-1012.
 United States Court of Appeals, Sixth Circuit.
 Oct. 11, 1990.
 
 Before NATHANIEL R. JONES and WELLFORD, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 Ronald Weaver, Leo McKaye and Morris Martin are Ohio prisoners who appeal pro se from the district court's dismissal of a civil rights action that they had brought under 42 U.S.C. Sec. 1983. Their case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The plaintiffs alleged that the defendants violated their constitutional rights by intercepting and confiscating legal materials that were sent by Weaver and McKaye to Martin. On December 6, 1989, the district court entered an opinion and judgment that dismissed the complaint. It is from this judgment that the plaintiffs now appeal.
 
 
 3
 Upon review, we conclude that the plaintiffs' suit was properly dismissed under Fed.R.Civ.P. 12(b)(6). The district court correctly dismissed defendants Brown and Toombs because they were not personally involved in any of the actions that were alleged in the complaint. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989); Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir.), cert. denied, 469 U.S. 845 (1984). The district court was also correct in dismissing the other three defendants. Clearly, the inspection of inmate-to-inmate correspondence is reasonably related to legitimate penological interests. See Thornburgh v. Abbott, 109 S.Ct. 1874, 1881 (1989). Moreover, the requirement that an inmate may obtain legal assistance from another prisoner only after filing an agreement with prison officials does not impermissibly restrict the inmate's right to have access to the courts. Cf. Johnson v. Avery, 393 U.S. 483, 490 (1969); Bellamy, 729 F.2d at 421.
 
 
 4
 In addition, the plaintiffs' arguments on appeal regarding the district court's failure to appoint counsel and its suspension of discovery are without merit.
 
 
 5
 Accordingly, it is hereby ORDERED that the plaintiffs' request for counsel on appeal is denied and the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.