917 F.2d 24
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald L. JORDAN, Plaintiff-Appellant,
v.
Travis JONES, Defendant-Appellee.
 No. 89-2171.
 United States Court of Appeals, Sixth Circuit.
 Oct. 23, 1990.
 
 1
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and WISEMAN, Chief District Judge.*
 
 ORDER
 
 2
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ronald L. Jordan, a pro se Michigan prisoner, appeals the district court's entry of summary judgment dismissing his 42 U.S.C. Sec. 1983 action. Naming the former warden of the Huron Valley Men's Prison (HVMP) as the sole defendant, Jordan alleged: (1) that he was placed in administrative segregation without the protection of due process; (2) that various personal belongings were confiscated by prison employees; and (3) that he has been denied access to the courts. Jordan sued the defendant in his individual capacity and sought monetary relief.
 
 
 4
 The district court granted summary judgment to the defendant. The court held that Jordan had no constitutional entitlement to an additional classification hearing beyond the initial hearing. While prison regulations can create a constitutional right, see Beard v. Livesay, 798 F.2d 874, 877 (6th Cir.1986), the court found that the prison regulation in this case only required a monthly review of a prisoner's security status, but did not require reclassification after a transfer. See Mich.Admin.Code. r. 791.4405(5). Therefore, the regulation did not create a constitutional right to a second classification hearing when Jordan was transfered to HVMP. Finally, the district court correctly held that plaintiff failed to allege that the defendant was personally involved in the deprivation of Jordan's property and privileges or the denial of Jordan's access to the courts. Therefore, plaintiff's claim fails because government officials cannot be held liable for such deprivations on a theory of respondeat superior. See Monell v. Dep't of Social Services, 436 U.S. 658, 691 (1978); Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 5
 After an examination of the record, this panel concludes that the defendant was entitled to summary judgment since there remains no genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Accordingly, the district court's order is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., Chief U.S. District Judge for the Middle District of Tennessee, sitting by designation