919 F.2d 142
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Roy Hershal WALKER, Plaintiff-Appellant,
v.
Dr. Lynn GREEN, Dr. Baker, in their official and individual
capacities, Defendants-Appellees.
 No. 89-2322.
 United States Court of Appeals, Sixth Circuit.
 Nov. 26, 1990.
 
 Before KRUPANSKY, RALPH B. GUY, Jr. and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Roy Hershal Walker appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. Sec. 1983 for failure to state a claim. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages, Walker sued two Michigan Health Directors alleging that they violated his eighth and fourteenth amendment rights by knowingly permitting his annual x-rays in April of 1986 and April of 1987 to be taken with a defective x-ray machine. He additionally stated that such actions constituted medical malpractice. The district court dismissed the suit for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). Proceeding pro se, Walker has filed a timely appeal and requests the court in his brief to permit him to proceed in forma pauperis on appeal and to grant him counsel.
 
 
 3
 Whether the district court correctly dismissed Walker's claims pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.1990), petition for cert. filed (July 17, 1990). This court must construe the complaint in a light most favorable to Walker, accept all his factual allegations as true, and determine whether Walker undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Id.
 
 
 4
 We conclude that the district court properly dismissed Walker's suit for failure to state a claim. Even if true, his allegations do not depict a wantonness or obduracy in the defendants' behavior. See Birrell v. Brown, 867 F.2d 956, 958 (6th Cir.1989). A claim under the fourteenth amendment due process clause was likewise not stated as the allegations do not depict an oppressive and egregious use of governmental power. See Cale v. Johnson, 861 F.2d 943, 949-50 (6th Cir.1988). Finally, Walker's medical malpractice claim was subject to dismissal as a pendent state claim. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).
 
 
 5
 Accordingly, Walker's request to proceed in forma pauperis on appeal is DENIED as moot because he is already so proceeding; and, for the foregoing reasons, we hereby DENY Walker's request for the appointment of counsel and AFFIRM the district court's judgment. Rule 9(b)(5), Rules of the Sixth Circuit.