928 F.2d 1132
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond Otha JACKSON, Plaintiff-Appellant,
v.
Stephen H. NORRIS, Michael Dutton, Michael Kendrick,
Defendants-Appellees.
 No. 90-6307.
 United States Court of Appeals, Sixth Circuit.
 March 28, 1991.
 
 M.D.Tenn., No. 86-01052; John T. Nixon, J.
 M.D.Tenn., 748 F.Supp. 570.
 AFFIRMED.
 Before KEITH and BOYCE F. MARTIN, Jr., Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Raymond O. Jackson, a pro se Tennessee prisoner, moves for counsel on appeal from the district court's summary judgment in favor of the defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Jackson is a prisoner at the Tennessee State Penitentiary in Nashville, Tennessee. The defendants are the commissioner of the Tennessee Department of Corrections, the warden of the prison, and the officer in charge of the prison's mailroom. In his complaint, Jackson alleged that the defendants allowed his legal mail to be opened on three occasions. On the third occasion, the prison official who opened the mail took a check from the Tennessee Board of Claims and deposited the check in Jackson's prison account. Jackson alleged that this action deprived him of his right to accept or reject the settlement offer from the Board of Claims. It should also be noted that during the proceedings in the district court, Jackson filed numerous affidavits enumerating additional times that his legal mail was opened. Jackson sought injunctive and monetary relief.
 
 
 3
 A magistrate filed a report recommending that Jackson's motion for summary judgment be denied and that Jackson's case be dismissed. The magistrate decided the case against Jackson because the case involved only an isolated incident and because Jackson had not shown sufficient injury. Despite Jackson's timely objections, the district court entered a short order adopting the magistrate's report and dismissing the case.
 
 
 4
 Thereafter, Jackson appealed the district court's order dismissing the case. Upon review, this court remanded the case to the district court after concluding that Jackson had sufficiently alleged numerous violations of his first amendment rights concerning his legal mail and that Jackson did not need to show a specific injury.
 
 
 5
 On remand, the defendants filed motions for summary judgment. The magistrate filed a report recommending that the defendants' motions for summary judgment be denied because this court held that summary judgment was inappropriate in this action. The magistrate based his recommendation on the law of the case doctrine. Upon consideration of the defendants' timely objections, the district court rejected the magistrate's recommendation and entered an order granting summary judgment in favor of the defendants. The court found that Jackson failed to present sufficient evidence that would support a finding that he had suffered a deprivation as a result of defendant Kendrick's action. The court noted that Jackson failed to allege any facts which would suggest that Kendrick was motivated by a "personal prejudice" towards Jackson, that Kendrick intended to interfere with Jackson's access to the courts, or otherwise acted in a "capricious manner." See Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir.1986). The court concluded that, at most, the conduct of defendant Kendrick amounted to nothing more than negligence. The court also held that defendants Norris and Dutton were entitled to summary judgment as a matter of law because they could not be sued on the basis of respondeat superior. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 6
 Upon review, we find no error. There is no dispute of fact and defendants are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In addition, the complaint does not state that the defendants are sued in their individual capacities. State officials sued in their official capacities for money damages are not persons for the purposes of Sec. 1983. See Will v. Michigan Dep't of State Police, 491 U.S. 58 (1989). Therefore, none of the defendants are monetarily liable to Jackson for actions taken in their official capacities.
 
 
 7
 Accordingly, the motion for counsel is denied and the district court's summary judgment in favor of the defendants is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.