940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brandon Lee FLAGNER, Plaintiff-Appellant,
v.
Virgil BROWN, Cuyahoga County Commissioner, John T.
Corrigan, Prosecuting Attorney, Cuyahoga County
Sheriff McFaul, Defendants-Appellees.
 No. 91-3137.
 United States Court of Appeals, Sixth Circuit.
 Aug. 1, 1991.
 
 1
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and GIBSON, Chief District Judge.*
 
 ORDER
 
 2
 Brandon Lee Flagner appeals a judgment for the defendants following a bench trial in a civil rights case that he had filed under 42 U.S.C. Sec. 1983. His case has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Flagner alleged that the defendants had violated his rights under the first amendment by confiscating his incoming mail while he was being held at the Cuyahoga County jail. Flagner is a convicted child molester who had been indicted for the kidnapping and murder of an eight year-old girl. The evidence at Flagner's civil trial indicated that two letters had been confiscated because they contained pictures of children. One of these letters was from Flagner's sister and the other was from an eleven year-old girl, whom Flagner had apparently solicited as a pen pal. On January 8, 1991, the district court entered a judgment for the defendants. It is from this judgment that Flagner now appeals.
 
 
 4
 The district court found that the only material which had been confiscated from Flagner's mail were the two letters which contained pictures of children. Flagner argues that other material was confiscated. However, the court's finding was not clearly erroneous because it was supported by the testimony of several witnesses. Cf. Fed.R.Civ.P. 52(a). The district court also found that Flagner had not alleged a due process claim, and Flagner has not challenged this finding on appeal. He has, therefore, waived any argument that he might have had regarding a due process violation for purposes of appellate review. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 Restrictions on incoming prisoner mail do not offend the first amendment if they are reasonably related to legitimate penological interests. Turner v. Safley, 482 U.S. 78, 89 (1987). The district court correctly held that the confiscation of the two letters was justified under this standard "by a reasonable fear for the safety of potential victims." Cf. Thornburgh v. Abbott, 490 U.S. 401, 403 n. 1 (1989) (approving 28 C.F.R. Sec. 540.71(b) (1988), which restricted circulation of publications in federal prisons that might "facilitate criminal activity" ). The district court also correctly held that the defendants could not be held legally responsible under a theory of respondeat superior. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 6
 All of Flagner's remaining arguments are without merit. The district court did not abuse its discretion by failing to enforce a subpoena duces tecum because it was reasonable to credit the defendants' representation that the requested materials were no longer available to them. The court did not abuse its discretion in rejecting several of Flagner's exhibits because they were arguably irrelevant to the two pieces of mail that were at issue in his case. See Fed.R.Evid. 402, 403. The district court did not exceed its discretion in denying Flagner's motion to add Assistant Prosecutor Marino as a defendant, because Flagner had a reasonable opportunity to discover Marino's involvement before trial, and Flagner's testimony clearly evidences his knowledge of Marino's involvement as early as March of 1985.
 
 
 7
 Finally, Flagner argues that the district court erred in denying his motion to authorize preparation of his transcript without prepayment of cost. It appears that Flagner's court appointed counsel ordered the transcript at his own expense when this motion was denied. The correct procedure would have been for counsel to file a motion with this court for preparation of the transcript before expending his own funds. Nevertheless, this argument will be construed as a motion by Flagner's counsel for reimbursement of the cost of the transcript and that motion will be granted because the preparation of the transcript was of service to the court in determining the merits of Flagner's appeal. Cf. 28 U.S.C. Sec. 753(f); Hardy v. United States, 375 U.S. 277, 279 (1964).
 
 
 8
 Accordingly, the motion of Flagner's counsel for reimbursement is granted and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Benjamin F. Gibson, Chief U.S. District Judge for the Western District of Michigan, sitting by designation