948 F.2d 1288
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Perry Dale BULLOCK, Plaintiff-Appellant,
v.
Raymond J. SABBATINE, Jr., Defendant-Appellee,
Frederic Cowan, Attorney General, Commonwealth of Kentucky,
Defendant-Appellee.
 No. 91-5919.
 United States Court of Appeals, Sixth Circuit.
 Nov. 21, 1991.
 
 Before KENNEDY and NATHANIEL R. JONES, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 Perry Dale Bullock, a pro se Kentucky prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking injunctive and monetary relief, Bullock originally sued Sabbatine, the jailer at the Lexington/Fayette Detention Center, and Cowan, Kentucky's Attorney General, alleging a violation of his constitutional rights to access to the courts, Equal Protection and Due Process. He did not specify whether he was suing defendants in their official or individual capacities.
 
 
 3
 He alleged that his legal mail that he sent on September 15, 1990 was returned to him several days later because of insufficient postage. The mail had been opened and the stamps were torn off.
 
 
 4
 Initially, a magistrate judge recommended dismissing the case sua sponte. After Bullock filed an amended complaint (only naming Sabbatine as a defendant), the magistrate judge recommended granting Sabbatine's motion to dismiss. After de novo review in light of Bullock's objections, the district court adopted the report and recommendation, and dismissed the lawsuit.
 
 
 5
 On appeal, Bullock continues to argue the merits of his claim against Sabbatine. He requests leave to proceed in forma pauperis, the appointment of counsel and a transcript at government expense. Both parties have filed briefs.
 
 
 6
 Upon consideration, we affirm the district court's judgment.
 
 
 7
 Bullock has failed to allege a specific act carried out by Sabbatine or any of his employees or subordinates that violated his constitutional rights. Respondeat superior is not an appropriate basis for § 1983 liability. Cf. Monell v. New York City Dep't of Social Services, 436 U.S. 658, 692 (1978). In addition, Bullock has failed to allege that Sabbatine implicitly authorized, approved or knowingly acquiesced in the alleged unconstitutional conduct. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989). Even if Sabbatine's conduct were negligent, mere negligence is not an appropriate basis for § 1983 liability. See Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Bullock has not alleged sufficient facts to state a claim which would allow Sabbatine to be held liable for the unconstitutional conduct of unnamed employees or subordinates.
 
 
 8
 Finally, no cognizable allegations were asserted against Cowan in the district court, and Bullock now abandons any attempt to sue him on appeal.
 
 
 9
 Accordingly, as Bullock is already proceeding in forma pauperis, his request for leave to so proceed is denied as moot. His request for appointment of counsel and a transcript at government expense is also denied. The judgment of the district court is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.