985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gordon Lynn STOCKENAUER, Plaintiff-Appellant,
v.
Paul DELEEUW, Captain; John Jungling, Sgt., Defendants-Appellees.
 No. 92-1600.
 United States Court of Appeals, Sixth Circuit.
 Jan. 22, 1993.
 
 1
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and BECKWITH, District Judge.*
 
 ORDER
 
 2
 Gordan Lynn Stockenauer, a Michigan prisoner represented by counsel, appeals a district court judgment dismissing his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Stockenauer sued two correction officers at the Huron Valley Maximum Facility alleging that they violated his First and Eighth Amendment rights. He alleged that the defendants denied him his right of access to the courts by confiscating legal papers which were to be used in a pending court case against defendant Deleeuw and another corrections officer named Putnam. He also alleged that the defendants were deliberately indifferent to his serious medical needs based on the medical care he received after he was sprayed with gas during the incident where his legal papers were taken.
 
 
 4
 A magistrate judge recommended granting the defendants' motion for summary judgment on the plaintiff's Eighth Amendment claim for denial of proper medical care. He also recommended granting summary judgment in favor of defendant Jungling on plaintiff's access to the courts claim, as there was no allegation or evidence that Jungling was personally involved in the confiscation of plaintiff's legal papers. With regard to plaintiff's access to the courts claim against Deleeuw, the magistrate judge recommended denying Deleeuw summary judgment because there was a genuine issue of material fact in dispute. After de novo review in light of plaintiff's and defendants' objections, the district court accepted in part and rejected in part the magistrate judge's recommendation. The district court granted the defendants' summary judgment motion on all claims and dismissed Stockenauer's § 1983 action.
 
 
 5
 On appeal, Stockenauer continues to argue the merits of his case. Both parties have filed briefs and request oral argument.
 
 
 6
 Initially, it should be noted that plaintiff's lawsuit is construed as filed against the defendants in their individual capacity as their alleged taking of plaintiff's legal papers was not official or authorized conduct and plaintiff is clearly seeking to impose personal liability on the defendants. See Ritchie v. Wickstrom, 938 F.2d 689, 692 (6th Cir.1989).
 
 
 7
 Summary judgment is properly granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). We review the district court's grant of a summary judgment motion de novo. EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990).
 
 
 8
 Upon review, we affirm the district court's judgment granting summary judgment to the defendants on Stockenauer's Eighth Amendment claim, as plaintiff has failed to show a deliberate indifference by defendants to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). The district court properly entered summary judgment for defendant Jungling on plaintiff's First Amendment claim, as plaintiff has not alleged, and the facts fail to show, that Jungling was personally involved in, or authorized in any way, the alleged taking of Stockenauer's legal papers. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 9
 The district court, however, improperly granted summary judgment to defendant Deleeuw on plaintiff's First Amendment access to the courts claim. Stockenauer has shown that a genuine issue of material fact exists as to whether his legal papers were confiscated by defendant Deleeuw, and whether he suffered prejudice as a result of this conduct. See Celotex Corp., 477 U.S. at 324; see also Bounds v. Smith, 430 U.S. 817, 824-25 (1977).
 
 
 10
 Accordingly, we affirm the district court's judgment to the extent it granted summary judgment to the defendants on plaintiff's Eighth Amendment claim and to Jungling on plaintiff's First Amendment access to the courts claim. We vacate the district court's judgment granting summary judgment to defendant Deleeuw on Stockenauer's claim that he was denied his First Amendment right of access to the courts, and we remand the case for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, U.S. District Judge for the Southern District of Ohio, sitting by designation