911 F.2d 733
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Leo MCKAYE, Plaintiff-Appellant,
v.
Mycheal EVANS, Brenda Rockafellow, Robert Brown, Jr.,
Raymond Toombs, Ray Palmer, Don Mason, Frank
Williams, Zbigniew Tyskiewicz,
Defendants-Appellees.
 No. 89-2324.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1990.
 
 Before MERRITT, Chief Judge, and RYAN and ALAN E. NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Leo McKaye appeals pro se from a district court judgment granting six defendants' motion to dismiss and dismissing the complaints against defendants Evans and Palmer as frivolous pursuant to 28 U.S.C. Sec. 1915(d). McKaye alleged that: 1) defendant Rockafellow's act of refusing to provide to McKaye a paper bag for mailing legal documents denied McKaye access to the courts; 2) the remaining seven defendants acted in concert to violate McKaye's right to petition for redress through the institutional grievance procedure; and 3) defendants Palmer, Mason and Tyskiewicz acted in concert to violate McKaye's constitutional right to access to the courts by being aware of Rockafellow's conduct and, thus, allowing retaliation against the appellant. McKaye sought $10,000 in damages from each of the named defendants and injunctive relief.
 
 
 3
 Upon review, this court concludes that the district court correctly decided that McKaye failed to state a valid claim because McKaye did not allege that Rockafellow's actions prejudiced his attempts to litigate other claims or that he was left with no alternatives to gain meaningful access to the courts. Bounds v. Smith, 430 U.S. 817, 825 (1977); Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). The district court also correctly found that defendants Palmer, Mason and Tyskiewicz were without liability, as McKaye failed to allege that these defendants actively participated in or authorized Rockafellow's conduct in any way. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989); Poe v. Haydon, 853 F.2d 418, 429 (6th Cir.1988), cert. denied, 109 S.Ct. 788 (1989).
 
 
 4
 Further, McKaye's conclusory allegations that the defendants acted in concert to deny him a right to a grievance proceeding are insufficient to support a claim of constitutional magnitude. Chapman v. City of Detroit, 808 F.2d 459, 465 (6th Cir.1986); Olim v. Wakinekona, 461 U.S. 238, 250 (1983); Beard v. Livesay, 798 F.2d 874, 877 (6th Cir.1986).
 
 
 5
 Notwithstanding a liberal construction of the complaint in the appellant's favor, accepting as true all factual allegations and permissible inferences, we conclude that McKaye has failed to state a valid claim and that the district court did not err in granting the motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Kent v. Johnson, 821 F.2d 1220, 1223 (6th Cir.1987); Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir.1988). Moreover, the district court properly dismissed McKaye's claims against Evans and Palmer as frivolous pursuant to Sec. 1915(d), as they are without an arguable basis in law. Neitzke v. Williams, 109 S.Ct. 1827, 1831 (1989).
 
 
 6
 Accordingly, the district court's judgment granting the defendants' motion to dismiss and dismissing the claims against defendants Evans and Palmer as frivolous is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.