914 F.2d 1494
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Tyrone P. MANIECE, Plaintiff-Appellant,
v.
COMMONWEALTH OF KENTUCKY, Corrections Cabinet, John T.
Wigginton, Secretary of Corrections, Defendants-Appellees.
 No. 90-5112.
 United States Court of Appeals, Sixth Circuit.
 Sept. 21, 1990.
 
 1
 Before KEITH and MILBURN, Circuit Judges, and THOMAS, Senior District Judge.*
 
 ORDER
 
 2
 Tyrone P. Maniece appeals from a dismissal of his civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and Maniece's brief, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Maniece filed suit in district court, alleging that his rights under the eighth and fourteenth amendments were violated by the defendants' act of retaining him in a county jail over thirty days after his final sentencing, which act he alleged is contrary to mandates under Kentucky state law. He further complained that, at the county jail, he was forced to furnish and pay for "everything" for himself, including postage for legal mail. Maniece sought only damages in a per diem amount of twenty-five dollars for each day he was held in the county jail beyond thirty days from his final sentencing. The matter was referred to a magistrate, who recommended the complaint be dismissed as frivolous pursuant to 28 U.S.C. Sec. 1915(d). After a de novo review, the district court adopted the magistrate's findings of fact and conclusions of law and dismissed the complaint, sua sponte.
 
 
 4
 Upon review, we conclude that the district court properly dismissed Maniece's complaint. The suit against defendants Commonwealth of Kentucky and the Kentucky Corrections Cabinet, requesting damages, is barred by the eleventh amendment and the holding in Will v. Michigan Dep't of State Police, 109 S.Ct. 2304, 2308-09 (1989).
 
 
 5
 Maniece's action against defendant John Wigginton is also barred, as he was named in his official capacity as Secretary of the Corrections Cabinet and was acting entirely within the scope of his official duty at the time of the alleged wrongdoing. Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989). Moreover, Maniece did not allege that Wigginton, as a supervisor, condoned, encouraged or participated in the alleged misconduct, as required to impute liability to supervisory personnel. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 6
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable William K. Thomas, Senior U.S. District Judge for the Northern District of Ohio, sitting by designation