930 F.2d 918
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. GIBSON, Plaintiff-Appellant,
v.
Morris "Coon" STRATTON, in his official capacity as Pike
County Jailer, Woody Pruitt, in his official capacity as
Deputy Jailer, Dexter Coleman, in his official capacity as
Deputy Jailer, James Justice, in his official capacity as
Deputy Jailer, Bud Brandon, in his official capacity as
Deputy Jailer, David Centers, in his official capacity as
Deputy Jailer, John Greer, in his official capacity as Chief
Administrator, E.D. Roberts, M.D., Contract Physician, Paul
Patton, in his official capacity as Pike County
Judge-Executive, Charles E. Lowe, Jr., in his official
capacity as Pike Circuit Court Judge, John Does, in their
official capacity as members of the Pike County Fiscal
Court, Jane Does, in their official capacity as members of
the Pike County Fiscal Court, County of Pike, Kentucky,
Defendants-Appellees.
 No. 90-6271.
 United States Court of Appeals, Sixth Circuit.
 April 10, 1991.
 
 Before BOYCE F. MARTIN, Jr. and RALPH B. GUY, Jr., Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 William E. Gibson appeals from the district court's order granting summary judgment in favor of the defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In his complaint, Gibson alleged that the defendants acted with deliberate indifference to his medical needs, particularly with regard to his heart condition, while he was incarcerated at the Pike County Jail. Gibson argues that the defendants' willful acts caused unnecessary and wanton infliction of pain in violation of his rights under the eighth and fourteenth amendments, as well as his rights under Kentucky law. The matter was referred to a magistrate, who recommended that defendant Lowe's motion to dismiss be granted on the basis that the circuit court judge was absolutely immune from the suit under the eleventh amendment. After considering objections to the recommendation, the district court adopted that report and dismissed defendant Lowe by order filed January 9, 1989. The plaintiffs and defendants filed briefs and affidavits in support of their separate motions for summary judgment, and, thereafter, the district court granted the defendants' motion on September 17, 1990.
 
 
 3
 Upon review, this court concludes that the district court properly granted summary judgment in favor of the defendants. In regard to defendant Dr. Roberts, the plaintiff's argument seems to be based on a difference of opinion between the plaintiff and that physician regarding diagnosis and treatment, which complaint does not support an eighth amendment claim for indifference to a medical need. Westlake v. Lucas, 537 F.2d 857, 860-61 (6th Cir.1976). Secondly, the alleged actions by the jailers and deputies in charge of overseeing the prisoners' health did not amount to deliberate indifference to this prisoner's serious medical needs, as defined in Whitley v. Albers, 475 U.S. 312, 319 (1986), and Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 4
 Gibson has not alleged or shown that the members of the county fiscal court, the administrator of the jail, or the county judge-executive, condoned, encouraged or participated in any alleged misconduct, in order for them to be held liable in this Sec. 1983 action. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989). In addition, the County of Pike cannot be held responsible for any alleged constitutional deprivation in this case, as Gibson has not shown that the remaining defendants acted pursuant to a county custom or policy. Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986); Beddingfield v. City of Pulaski, 861 F.2d 968, 971 (6th Cir.1988). Finally, Gibson did not raise on appeal the issue of the dismissal of defendant Judge Lowe. Thus, this issue is considered abandoned. McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 5
 Accordingly, Gibson's motion for counsel is denied, and the district court's order granting summary judgment in favor of the defendants is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.