932 F.2d 969
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Najee As'ad NA'IM, Plaintiff-Appellant,
v.
W. Jeff REYNOLDS, Jack Morgan, E. McIntosh, Respondents-Appellees.
 No. 90-6327.
 United States Court of Appeals, Sixth Circuit.
 May 2, 1991.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and DUGGAN, District Judge.*
 
 ORDER
 
 2
 Najee As'ad Na'im, a pro se Tennessee prisoner, appeals the district court's order denying his motion for injunction and dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Na'im sued the Commissioner of the Tennessee Department of Corrections (Reynolds), the warden of Tennessee State Penitentiary (Morgan), and a correctional officer at TSP (McIntosh) in their individual and official capacities. He alleged that defendant McIntosh threatened and physically assaulted Na'im on May 17, 1989 while Na'im was in the counseling center on a pass. He further alleged that, on June 11, 1989, McIntosh denied him access to the health center. Finally, Na'im alleged that defendants Morgan and Reynolds knew, or should have known, of the "actual and potential proclivities and propensities for violent conduct on the part of ... McIntosh", and yet failed to warn Na'im and negligently failed to supervise McIntosh.
 
 
 4
 Subsequently, Na'im filed a supplemental complaint which alleged that on October 6, 1989, McIntosh jabbed a finger in Na'im's chest and uttered curses while Na'im was waiting for chapel to open for Jumah services. In addition, Na'im filed a motion seeking an injunction or restraining order under Rule 65 directing the defendants to cease reprisals by McIntosh against Na'im and his witnesses. McIntosh denied the allegations against him in an affidavit. Na'im then filed an amended complaint seeking to add allegations regarding the chapel incident, reprisals against a witness, and a disciplinary report.
 
 
 5
 The district court held a hearing on October 15, 1990 on the motion for injunction. Na'im and five additional witnesses testified, after which the district court denied the motions for injunction and to amend the complaint. Finding that Na'im had alleged no constitutional violations, the court also dismissed the action as frivolous pursuant to 28 U.S.C. Sec. 1915(d). An order to that effect was entered on October 16, 1990.
 
 
 6
 On appeal, Na'im continues to argue the merits of his claim. In addition, he raises a fourteenth amendment claim regarding the alleged assaults and a substantive due process claim relating to "aggressive discharge in harming appellant." Na'im further argues that the district court incorrectly dismissed his civil rights claim at the hearing on injunctive relief, and claims that the district court was biased, racist, and used obscenities in court to communicate. He requests the appointment of counsel and a transcript at government expense in his brief.
 
 
 7
 Upon consideration, we affirm the district court's order because Na'im's complaint lacks an arguable basis in law. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). As the district court correctly stated, Na'im has failed to allege that he was deprived of a right secured by the federal constitution or laws of the United States, as required by Sec. 1983. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978).
 
 
 8
 Na'im raises his substantive due process claim for the first time on appeal. Absent exceptional circumstances, this court normally will not address an issue not raised for the first time in the district court. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990). No exceptional circumstances are present in this case.
 
 
 9
 Na'im fails to allege specific acts in violation of his constitutional rights taken by defendants Reynolds and Morgan. They may not be held liable under a respondeat superior theory. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 10
 Na'im's allegations against McIntosh attempt to state a claim under the eighth amendment for cruel and unusual punishment. Although Na'im argues on appeal that McIntosh's actions violated his rights under the fourteenth amendment, the Supreme Court regards the eighth amendment as the primary source of substantive protection when a prisoner's claim of excessive force is raised. Whitley v. Albers, 475 U.S. 312, 326-27 (1986). However, none of the actions alleged rises to a level of constitutional magnitude. To state a valid eighth amendment claim based on the use of excessive force, a prisoner must allege more than a simple assault and battery. See Franklin v. Aycock, 795 F.2d 1253, 1258 (6th Cir.1986); Johnson v. Glick, 481 F.2d 1028, 1032, (2d Cir.), cert. denied, 414 U.S. 1033 (1973). Any lack of medical attention to Na'im's bruised arm after it was bumped against the counseling center door does not rise to the constitutional level of deliberate indifference to a serious medical need. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). In addition, the district court correctly informed Na'im that his allegations of verbal abuse and harassment did not constitute a violation of his constitutional rights. See Ivey v. Wilson, 832 F.2d 950, 954-55 (6th Cir.1987) (per curiam).
 
 
 11
 Finally, Na'im's conclusory allegations of bias, prejudice, and the use of obscenities during the proceedings by the district court are completely unsupported by the transcript of proceedings. In light of the frivolous nature of Na'im's claims and the district court's citation to 28 U.S.C. Sec. 1915(d), the district court did not err in dismissing Na'im's underlying civil rights action at the conclusion of the hearing for injunctive relief. See Harris v. Johnson, 784 F.2d 222, 224 (6th Cir.1986); Tingler v. Marshall, 716 F.2d 1109, 1111-12 (6th Cir.1983).
 
 
 12
 Accordingly, the requests for the appointment of counsel and a transcript at government expense are denied. The district court's order, entered October 16, 1990, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Patrick J. Duggan, U.S. District Judge for the Eastern District of Michigan, sitting by designation