940 F.2d 659
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary GENTRY, Plaintiff-Appellant,
v.
Darrell J. ROLLINS, Chaplain, Stephen T. Smith, Warden, John
T. Wigginton, Secretary, of Corrections,
Defendants-Appellees.
 No. 90-6391.
 United States Court of Appeals, Sixth Circuit.
 July 24, 1991.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and HULL, Chief District Judge.*
 
 ORDER
 
 2
 Gary Gentry, a pro se Kentucky prisoner, appeals the district court's judgment dismissing his prisoner civil rights case filed under 42 U.S.C. Sec. 1983. Additionally, he requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking an order to allow members of the Muslim religion to exercise their religious beliefs and the sum of one million dollars for mental anguish, Gentry sued the Chaplain of the Luther Luckett Correctional Complex (Luther Luckett), the Warden of Luther Luckett, and the Secretary of the Kentucky Correctional Cabinet. Gentry alleged that the defendants while acting "in their respective professional capacity" have adopted policies which discriminate against members of the Muslim community. Gentry's specific complaint concerns the fast of Ramadan. Gentry alleged that defendant Rollins's decision to remove him from the fast after Gentry failed to participate in the April 18, 1990, evening eating and prayer session violated his right to exercise his religion.
 
 
 4
 A magistrate concluded that: (1) Gentry's claim for monetary damages against the defendants was barred under the eleventh amendment, see Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S.Ct. 2304, 2311-12 (1989); Wells v. Brown, 891 F.2d 591, 593-94 (6th Cir.1989); (2) Gentry's attempt to hold defendants Wigginton and Smith liable for defendant Rollins's actions under the doctrine of respondeat superior failed to state a cause of action under Sec. 1983, see Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989); (3) defendant Rollins's decision to remove Gentry from the Ramadan list was "reasonably and substantially justified in order to maintain internal security and inmate discipline," see Brown v. Johnson, 743 F.2d 408, 411-12 (6th Cir.1984), cert. denied, 469 U.S. 1215 (1985); and (4) Gentry's allegations that he was forced to break the fast and that he had no food nor money to purchase food on April 24, 1990, were refuted by the evidence of record. Despite Gentry's objections, the district court adopted the magistrate's report and recommendation and entered judgment dismissing the complaint.
 
 
 5
 The dismissal in the present case is reviewed under the standard for summary judgment where, as here, the district court considered matters outside the initial pleadings. See Rogers v. Stratton Indus., Inc., 798 F.2d 913, 915 (6th Cir.1986) (per curiam).
 
 
 6
 Upon review, we conclude that the district court properly granted summary judgment because no genuine issue of material fact existed and the defendants were entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). The undisputed evidence indicates that defendant Rollins's decision to remove Gentry from the Ramadan list was reasonably and substantially justified in order to maintain internal security and inmate discipline. Additionally, we note that after further investigation by prison officials, Gentry was placed back on the Ramadan list and allowed to participate in the feast of Eid-Ul-Fitr. Thus, Gentry suffered no constitutional deprivation.
 
 
 7
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation