954 F.2d 724
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William A. BELL-BEY, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS, et al., Defendants-Appellees.
 No. 91-1877.
 United States Court of Appeals, Sixth Circuit.
 Feb. 6, 1992.
 
 Before NATHANIEL R. JONES and DAVID A. NELSON, Circuit Judges, and LIVELY, Senior Circuit Judge.
 
 ORDER
 
 1
 William A. Bell-Bey appeals the district court's judgment granting the defendants' motion for summary judgment in this prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking damages and injunctive relief, Bell-Bey sued the Michigan Department of Corrections (MDOC) and various prison officials for violating his constitutional rights by writing false misconduct tickets, placing him on a "no paper restriction," removing staples from his books, losing his property, confiscating his Koran from a friend's cell, denying him medical treatment, and permitting prison guards to carry pocket knives. The district court granted summary judgment for the defendants.
 
 
 3
 Upon review, we conclude that the district court acted correctly. The record shows that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).
 
 
 4
 Defendants Brown (MDOC Director) and Toombs (warden of the prison where Bell-Bey was confined) were not personally involved in the alleged constitutional violations, and Bell-Bey did not establish that these defendants condoned, encouraged, or participated in the alleged misconduct. Thus, they are not liable under 42 U.S.C. § 1983. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 5
 The district court correctly denied relief against the MDOC because the state and its agencies are immune from suit, and such immunity has not been waived. See generally Welch v. Texas Dep't of Highways and Pub. Transp., 483 U.S. 468, 471-73 (1987).
 
 
 6
 Bell-Bey suffered no constitutional deprivation when the defendants seized his Koran from another prisoner's cell. Prison rules prohibit transferring personal property between prisoners, and the Koran was not seized from Bell-Bey. Moreover, it was later returned to him.
 
 
 7
 Bell-Bey's claim against defendant Pennington for denial of medical treatment is barred by res judicata. See White v. Colgan Elec. Co., 781 F.2d 1214, 1216 (6th Cir.1986). As the district court discussed in its opinion, Bell-Bey's claim is identical to that litigated in Bell-Bey v. Vidor, No. G89:10668:CA at pp. 11-19 (W.D.Mich. April 13, 1990). Bell-Bey's claim with regard to prison guards being allowed to carry knives fails for the same reason.
 
 
 8
 Bell Bey's constitutional rights were not violated when the defendants wrote misconduct tickets and temporarily restricted him from access to his papers. The misconduct tickets were written after Bell-Bey refused a direct order to remove paper with which he had covered his cell window. As a result of this behavior, he was placed on paper restriction from December 4 to December 12, 1989. An MDOC policy directive prohibits covering cell windows. The directive is reasonably related to the legitimate penological objective of preventing security problems; thus this claim fails. See Turner v. Safley, 482 U.S. 78, 91-93 (1987).
 
 
 9
 Bell-Bey's claim that he was denied access to the courts when certain of the defendants removed papers from his cell is meritless. Uncontested affidavits establish that Bell-Bey had access to his legal documents during the time in question, and he has not shown prejudice to any pending litigation.
 
 
 10
 With respect to Bell-Bey's misconduct tickets, the record shows that the tickets were not issued improperly and that Bell-Bey received advance written notice, an opportunity to present his defense, and a written statement of the reasons for the discipline imposed. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974). The record reveals sufficient evidence to support his disciplinary conviction. See Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 455-56 (1985).
 
 
 11
 Finally, defendant Cramer was never served with the summons and complaint, and thus was entitled to dismissal under Fed.R.Civ.P. 4(j).
 
 
 12
 Accordingly, the district court's opinion is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.