955 F.2d 45
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gary Michael NORTHINGTON, Plaintiff-Appellant,
v.
Mark SHERRARD, et al., Defendants-Appellees.
 No. 91-1778.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1992.
 
 E.D.Mich., 90-71522, Gilmore, J.
 
 
 1
 E.D.Mich.
 
 
 2
 AFFIRMED IN PART, VACATED IN PART.
 
 
 3
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and HOOD, District Judge.*
 
 ORDER
 
 4
 Gary Michael Northington, a pro se Michigan prisoner, appeals a district court order granting summary judgment for the defendants in his civil rights action filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 5
 Seeking monetary, declaratory, and injunctive relief, Northington sued several Michigan correctional personnel and a physician without specifying the capacity in which he was suing the defendants. Northington alleged the following claims regarding his incarceration at the Monroe County Jail as a pre-trial detainee: (1) the defendants were deliberately indifferent to his serious medical needs; (2) the defendants did not provide him adequate opportunity for exercise; (3) the defendants denied him access to educational programs; (4) the jail was inadequately heated and he was provided with inadequate bedding; (5) two of the defendants deliberately created loud noises to disrupt prisoners during sleeping hours; (6) the defendants verbally harassed him; (7) the defendants denied him access to the courts; (8) the defendants improperly placed him in punitive segregation; and (9) the defendants used excessive force on him.
 
 
 6
 Defendant Sherrard, the physician, filed a motion for summary judgment, arguing that the allegations against him were insufficient to raise an Eighth Amendment claim. In his report, the magistrate judge agreed with the defendant and recommended granting summary judgment in his favor. In his objections, Northington agreed that his allegations were insufficient to establish an Eighth Amendment violation. Consequently, the district court adopted the magistrate judge's report and recommendation and dismissed defendant Sherrard from the case.
 
 
 7
 The remaining defendants subsequently filed a motion for summary judgment, arguing that Northington's remaining grounds were without merit. Over Northington's objections, the district court adopted the magistrate judge's report and recommendation and granted summary judgment for the defendants. Northington has filed a timely appeal and a motion requesting the appointment of counsel.
 
 
 8
 We review the district court's grant of summary judgment de novo. See EEOC v. University of Detroit, 904 F.2d 331, 334 (6th Cir.1990). Summary judgment is properly granted if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).
 
 
 9
 Upon review, we affirm the district court's judgment dismissing the following claims: that the defendants were deliberately indifferent to Northington's serious medical needs, that the defendants denied him access to educational programs, that the jail was inadequately heated and Northington was provided with inadequate bedding, that the defendants denied him access to the courts, that the defendants verbally harassed him, and that the defendants improperly placed him in punitive segregation. As for these issues, we find that there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Id. However, as for Northington's remaining claims, we vacate the district court's judgment and remand for further proceedings.
 
 
 10
 Initially, we note that, although Northington was a pre-trial detainee while at the Monroe County Jail, the Eighth Amendment protection against cruel and unusual punishment is extended to pre-trial detainees and is considered coterminous under the Fourteenth Amendment Due Process Clause. See Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir.1985).
 
 
 11
 Northington has alleged that the defendants did not provide him with adequate opportunities for exercise. Prisoners are clearly entitled to regular periods of exercise. Walker v. Mintzes, 771 F.2d 920, 927 (6th Cir.1985); Patterson v. Mintzes, 717 F.2d 284, 289 (6th Cir.1983). Northington specifically asserts that, during his stay at the Monroe County Jail, he only averaged one hour of exercise every two weeks. Even more egregious, he asserts that for one three-and-a-half month period, he was permitted only one half-hour period of exercise. The defendants have not challenged these assertions, and therefore failed to meet their initial burden of showing an absence of evidence to support Northington's claim. Celotex Corp., 477 U.S. at 325. Further, Northington's allegations are sufficient to state a cause of action. See Walker, 771 F.2d at 927; Patterson, 717 F.2d at 289.
 
 
 12
 Northington has alleged that two of the defendants, Willingham and Porkarski, deliberately created noisy disturbances to prevent prisoners from sleeping. Specifically, Northington alleges that these defendants would regularly beat on doors and prison cells, throw furniture, yell, and, on occasion, set off fire crackers. The defendants specifically deny all of these allegations.
 
 
 13
 Relying upon the denials in the defendants' affidavits, the district court granted summary judgment for the defendants on this issue. Northington's allegations against these defendants were made in unsworn affidavits. Although unsworn, these affidavits are sufficient to defeat the defendants' motion for summary judgment on this issue, because Northington signed the documents under penalty of perjury. 28 U.S.C. § 1746; see Pfeil v. Rogers, 757 F.2d 850, 859 (7th Cir.1985), cert. denied, 475 U.S. 1107 (1986); Carter v. Clark, 616 F.2d 228, 230-31 (5th Cir.1980). As Northington's allegations in these affidavits raise a genuine issue of material fact, Celotex Corp., 477 U.S. at 324, the district court improperly granted summary judgment for the defendants on this issue.
 
 
 14
 Northington alleges that he was assaulted by correctional officers at the direction of one of the defendants. The defendants assert that Northington was hostile and provoked the incident. Northington disputes this version of events and argues that the assault was unprovoked. He has provided sworn interrogatories from two witnesses, who concur in his version of the events. As genuine issues of material fact exist, the district court improperly granted summary judgment for the defendants on this claim. Celotex Corp., 477 U.S. at 324.
 
 
 15
 We also note that the district court denied Northington's motion to amend his complaint to add as defendants the other correctional officers involved in the alleged assault. Since Northington's claim is sufficient to defeat a motion for summary judgment, he should be permitted to add these individuals as parties. See Berndt v. Tennessee, 796 F.2d 879, 882-83 (6th Cir.1986).
 
 
 16
 The district court dismissed defendant Burns, because he is not liable under the doctrine of respondeat superior. While this is true, Northington has alleged that defendant Burns failed to respond to his complaints of inadequate exercise. As Burns may be liable for having condoned unconstitutional practices, he is not properly dismissed from the suit at this time. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 17
 Accordingly, we hereby deny counsel and affirm the district court's judgment to the extent it dismissed defendant Sherrard from the case and granted the remaining defendants summary judgment on Northington's claims regarding deliberate indifference to his medical needs, denial of access to educational programs, denial of adequate heat and bedding, verbal harassment, denial of access to the courts, and illegal punitive segregation. Rule 9(b)(3), Rules of the Sixth Circuit. However, as for Northington's claims regarding insufficient opportunities for exercise, loud and senseless disturbances, and the illegal assault, the judgment is vacated and the case is remanded for further proceedings. The court's rulings dismissing Burns as a defendant and denying Northington's motion to amend are also hereby reversed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Joseph M. Hood, U.S. District Judge for the Eastern District of Kentucky, sitting by designation