985 F.2d 561
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Albert D. THROWER, Plaintiff-Appellant,
v.
OHIO BAR ASSOCIATION; Akron Bar Association, et al.,
Defendants-Appellees.
 No. 92-3577.
 United States Court of Appeals, Sixth Circuit.
 Jan. 25, 1993.
 
 Before ALAN E. NORRIS and SUHRHEINRICH, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Albert D. Thrower, a pro se Ohio prisoner, appeals the district court's judgment dismissing his civil rights complaint filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Thrower has filed numerous appeals and original actions in this court, all challenging in some way his conviction on state drug trafficking and RICO charges and the resulting forfeiture of 141 parcels of real estate. In the instant complaint, Thrower sued the Akron Bar Association (ABA), the Ohio State Bar Association (OSBA), and officers of both organizations for allegedly violating his rights under the First and Fourteenth Amendments. The individual defendants were named in their individual and official capacities. Thrower claimed that the ABA defendants violated his rights to due process, access to the courts, and access to the bar's grievance procedure when they refused to investigate a complaint against an attorney who represented him in his state criminal trial. He further alleged that the OSBA defendants acquiesced in the ABA's action (or inaction). He sought declaratory and injunctive relief as well as $9 million in damages.
 
 
 3
 A magistrate judge issued a report on April 20, 1992, in which he concluded that all of the defendants were protected by judicial or quasi-judicial immunity for their actions and recommended that the defendants' motions to dismiss be granted. He recommended that the plaintiff's pending motions, including the motion for partial summary judgment, be denied. The district court overruled Thrower's objections and dismissed the complaint in a judgment filed May 13, 1992.
 
 
 4
 On appeal, Thrower argues that the district court erred by: (1) concluding that the OSBA could arbitrarily dismiss an action before review, (2) not issuing an injunction ordering the defendants to investigate his complaint, (3) finding that the defendants could deny him access to the state bar grievance procedure, and (4) not addressing the inference of retaliation found in p 30 of his complaint.
 
 
 5
 Upon review, we affirm the district court's judgment. When Thrower's complaint is construed in a light most favorable to him, and all of his factual allegations are accepted as true, Thrower undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). The district court's dismissal of the action under Fed.R.Civ.P. 12(b)(6) is reviewed de novo. Id.
 
 
 6
 None of the issues Thrower raises on appeal addresses the principle supporting the district court's decision, and that principle is fatal to his claim for damages. "[B]ar officials charged with the duties of investigating, drawing up, and presenting cases involving attorney discipline enjoy absolute immunity from damage claims for such functions." Clulow v. Oklahoma, 700 F.2d 1291, 1298 (10th Cir.1983), overruled on other grounds, 731 F.2d 640 (10th Cir.1984), aff'd, 471 U.S. 261 (1985). See also Watts v. Burkhart, No. 89-6160, 1992 WL 309198 at * 3 (6th Cir. Oct. 28, 1992) (en banc); Simons v. Bellinger, 643 F.2d 774, 778-82 (D.C.Cir.1980); Ginger v. Circuit Court, 372 F.2d 621, 625 (6th Cir.) (per curiam), cert. denied, 387 U.S. 935 (1967).
 
 
 7
 Thrower has also failed to state a claim for declaratory or injunctive relief. He has alleged no facts that would support a finding that any of the defendants denied his First Amendment right of access to the courts. Further, there is no constitutional right of access to state bar grievance procedures. Instead, it is a matter of state law only, and will not support an action under § 1983. See Flagg Bros. v. Brooks, 436 U.S. 149, 155-57 (1978).
 
 
 8
 Thrower has also failed to state a claim of due process violation for an alleged failure to investigate. The allegations against the OSBA are based upon a respondeat superior theory, which will not support a § 1983 action. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989). Further, the record includes a copy of a letter from the ABA secretary which indicates that the ABA did investigate Thrower's complaint against his attorney. Thrower is entitled to no more.
 
 
 9
 Finally, Thrower's assertion that the defendants conspired to retaliate against him is unsupported by specific facts, including any motivation for the alleged retaliation. The district court is not required to accept as true bare legal assertions and unwarranted factual inferences. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988); Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir.1987).
 
 
 10
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.