985 F.2d 559
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stanley A. CHAPMAN, Plaintiff-Appellant,
v.
Kenneth L. MCGINNIS; Gene Borgert; Chris Daniels; Travis
Jones; Sandra Stritmatter, Defendants-Appellees.
 No. 92-1895.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1993.
 
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 
 ORDER
 
 1
 Stanley A. Chapman, a pro se Michigan prisoner, appeals from the award of summary judgment in favor of defendants and requests the appointment of counsel, a transcript at government expense, and in forma pauperis status. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary damages and injunctive relief, Chapman brought suit under 42 U.S.C. § 1983 alleging that he suffered violations of his rights protected by the Fourteenth Amendment Due Process and Equal Protection Clauses. He also alleged that defendants' actions violated his rights protected under the Fourth Amendment to be free from unreasonable searches and seizure and the right to be free from cruel and unusual punishment protected by the Eighth Amendment to the United States Constitution.
 
 
 3
 The case was submitted to a magistrate judge who recommended that defendants' motion for summary judgment be granted in part and denied in part. The magistrate judge concluded that Chapman's allegations were insufficient to establish that defendants McGinnis, Stritmatter, and Jones were personally involved in any of the wrongful activity Chapman alleged. The magistrate judge also concluded that Chapman failed to allege any personal involvement by defendant Daniels in any activities which form the basis of Chapman's Fourth Amendment, Equal Protection Clause, and Eighth Amendment claims.
 
 
 4
 Furthermore, the magistrate judge concluded that Chapman's claim that random urine testing violated his rights protected by the Fourth Amendment failed to state a claim upon which relief can be granted; that Chapman failed to provide any information from which the elements of an equal protection claim can be distilled; and, that Chapman failed to state a claim for relief protected under the Due Process Clause. The magistrate judge was unable to determine whether defendant Borgert showed deliberate indifference to Chapman's serious medical needs and recommended that Borgert's motion for summary judgment on the Eighth Amendment claim be denied. The defendants objected to the magistrate judge's report and recommendation. The district court entered an order granting summary judgment to all the defendants.
 
 
 5
 Chapman did not object to the magistrate judge's report and recommendation. A party who does not file timely objections to a magistrate judge's report and recommendation after being advised to do so waives his right to appeal pursuant to United States v. Walters, 638 F.2d 947, 949-50 (6th Cir.1981); Thomas v. Arn, 474 U.S. 140, 155 (1985). Therefore, the only issue before the district court and the only issue to be decided on appeal is whether there exists a genuine issue of material fact with regard to whether defendant Borgert showed deliberate indifference to Chapman's serious medical needs. The court's review of a grant of summary judgment is de novo. See Brooks v. American Broadcasting Cos., 932 F.2d 495, 500 (6th Cir.1991).
 
 
 6
 Upon review, we find no error. Nothing in the record reveals that Borgert was deliberately indifferent to Chapman's serious medical needs, see Estelle v. Gamble, 429 U.S. 97, 104-06 (1976), or that Borgert condoned, encouraged or participated in the alleged misconduct. Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989). Accordingly, for the reasons set forth in the district court's opinion dated June 26, 1992, we hereby affirm the award of summary judgment in favor of defendant Borgert. Rule 9(b)(3), Rules of the Sixth Circuit. Chapman's request to proceed on appeal in forma pauperis is granted, and his requests for counsel and a transcript are denied.