996 F.2d 1215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Wayne KING, Plaintiff-Appellant,
v.
Roger OVERBERG; Lawrence Mendel, Defendants-Appellees.
 No. 93-3003.
 United States Court of Appeals, Sixth Circuit.
 June 18, 1993.
 
 1
 Before NELSON and SUHRHEINRICH, Circuit Judges, and EDMUNDS, District Judge.*
 
 ORDER
 
 2
 Wayne King, a pro se Ohio prisoner, appeals a district court judgment granting summary judgment to the defendants in his civil rights action filed under 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking $60 million in damages, King sued the Medical Director (Mendel) and Classification Director (Overberg) of the Ohio Department of Rehabilitation and Correction for allegedly violating his rights under the First and Eighth Amendments. King alleged that the defendants intentionally ignored his requests for a transfer to the limited duty unit at the Orient Correctional Institute where, he claimed, he would have received better medical care. He asserted that the institutions where he has been incarcerated have provided him inadequate medical treatment for his asthma, high blood pressure, and aortic valve implant, and that this inadequate treatment resulted in a stroke and a blood clot attached to the valve implant which could detach at any time and lead to his death. King further alleged racial discrimination and retaliatory transfer.
 
 
 4
 The defendants moved for summary judgment and King opposed the motion with his affidavit and medical records. In an opinion and order filed on November 25, 1992, the district court granted the defendants' motion and ordered the clerk to enter judgment for the defendants. Judgment was accordingly entered on November 30, 1992.
 
 
 5
 On appeal, King argues that the defendants deliberately conspired to deny him adequate medical care because of racial discrimination.
 
 
 6
 Upon careful review, we affirm the district court's judgment because there is no genuine issue of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988).
 
 
 7
 King does not raise on appeal his issue regarding retaliatory transfer. Thus, that issue is considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 112 S.Ct. 1481 (1992).
 
 
 8
 Even if the facts are assumed as King alleges, these defendants are entitled to judgment as a matter of law as to the Eighth Amendment issue because they were not deliberately indifferent to King's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104 (1976). A prisoner must establish both a serious condition and that the defendants displayed a wanton and unnecessary indifference to the condition. Wilson v. Seiter, 111 S.Ct. 2321, 2326 (1991).
 
 
 9
 King's complaint does not meet this standard. First, he does not allege that the defendants personally provided inadequate medical care, or that they authorized, approved of, or knowingly acquiesced in the alleged unconstitutional conduct. The theory of respondeat superior will not support § 1983 liability. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978); Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 10
 Furthermore, King's complaint is essentially one of medical malpractice. It is clear from the medical records submitted by King that he did receive treatment for his medical conditions. A difference of opinion between King and his physicians regarding the type of medical treatment necessary is insufficient to state a claim under the Eighth Amendment. See Estelle, 429 U.S. at 107; Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976). Even if that treatment were erroneous, medical malpractice does not become a constitutional violation simply because the patient is a prisoner. Estelle, 429 U.S. at 106.
 
 
 11
 King fails to state an equal protection claim because he does not identify any similarly situated white inmate who was treated differently than he; nor does he assert that the defendants directly participated in or encouraged the allegedly racially motivated mistreatment.
 
 
 12
 Finally, King's vague allegations of conspiracy are wholly conclusory and unsupported by any specific facts. As such, they are insufficient to state a claim under § 1983. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987).
 
 
 13
 Accordingly, the district court's judgment, entered on November 30, 1992, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Nancy G. Edmunds, U.S. District Judge for the Eastern District of Michigan, sitting by designation