33 F.3d 54
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Stephen D. HOWELL, Plaintiff-Appellant,
v.
Kenneth McGINNIS, Director; Judy Stahl, Mailroom
Supervisor; Joseph Abramajtys, Warden,
Defendants-Appellees.
 No. 93-2536.
 United States Court of Appeals, Sixth Circuit.
 Aug. 3, 1994.
 
 Before: GUY and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 
 ORDER
 
 1
 Stephen D. Howell appeals pro se from a district court judgment dismissing his civil rights action filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Howell was a Michigan state prisoner at the time that his complaint was filed. He alleged that various Michigan state prison officials violated his constitutional rights by: 1) denying him access to the prison law library; 2) seizing photographs of his family without due process of law; 3) condoning his verbal harassment by a white guard; and 4) retaliating against him by routinely dismissing his grievances and filing misconduct reports against him. On December 2, 1993, the district court adopted a magistrate judge's recommendation and entered summary judgment in favor of the defendants. It is from this judgment that Howell now appeals.
 
 
 3
 Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The movant meets his initial burden "by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The burden then shifts to the nonmoving party who must go beyond the pleadings and present specific evidence which shows that there is a genuine issue for trial. Id. at 324. A de novo review of the record shows that Howell has not met this burden in the present case.
 
 
 4
 Summary judgment was properly awarded to the defendants on Howell's claim that restricted access to the prison library violated his right to have access to the courts. Howell alleged that the library was closed at unscheduled times and that he could not use the library when he was under room confinement for a disciplinary violation. The Constitution protects a prisoner's access to the courts, not necessarily his access to legal assistance or materials. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir.1985). Thus, to prevail, Howell must show that the defendants' conduct actually prejudiced his ability to litigate a lawsuit. See id.
 
 
 5
 The defendants supported their motion for summary judgment with an affidavit which indicated that Howell was not completely denied access to the library because the law library was open 25 hours a week and some of these hours were in the evenings when Howell was not confined to his room. The defendants also argued that Howell's allegations did not rise to the level of a constitutional violation because he had not shown a specific impediment to his access to the courts. In his response to the defendants' motion, Howell identified two cases which were allegedly dismissed because he did not have sufficient access to the library. However, Howell did not effectively counter the defendants' assertion that library materials were available to him despite his room confinement. Thus, the defendants were entitled to summary judgment because Howell did not show that his access to the by their alleged actions. See Skelton v. Pri-Cor, Inc., 963 F.2d 100, 104 (6th Cir.1991) (per curiam), cert. denied, 112 S.Ct. 1682 (1992).
 
 
 6
 The defendants were also entitled to summary judgment on Howell's claim that they seized and lost Polaroid photographs of his family that had been mailed to him. The district court properly found that Howell had not alleged that any of the defendants were directly responsible for his alleged loss. Moreover, the defendants are not liable under a theory of respondeat superior because they only became aware of Howell's loss after the fact. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 7
 The dismissal of Howell's harassment claim was also proper. Howell alleged that defendant McGinnis condoned the verbal harassment that he received from a white guard at another institution. However, supervisory officials, like McGinnis, are not liable for the alleged harassment of their subordinates absent a showing that they encouraged the misconduct or directly participated in it. Knop v. Johnson, 977 F.2d 996, 1014 (6th Cir.1992), cert. denied, 113 S.Ct. 1415 (1993). Howell's claim fails this test because it is based solely on a theory of respondeat superior.
 
 
 8
 Finally, Howell alleged that the defendants retaliated against him by denying his grievances and charging him with false disciplinary violations. However, a de novo review of the record indicates that this claim was properly dismissed because these allegations are wholly conclusory. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987); Smith v. Rose, 760 F.2d 102, 106 (6th Cir.1985).
 
 
 9
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.