57 F.3d 1069
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Joseph E. BIRRELL, Plaintiff-Appellant,
v.
STATE OF MICHIGAN; Governor of the State of Michigan;
Vernice Davis Anthony; Kenneth McGinnis; Lynn Green, Dr.;
Craig Hutchinson, Dr.; Lennett Holloway; John Doe, Deputy
of Transportation; Gene Borgert; William Grant; Shortt,
Dr.; Nushoulz, Dr.; Paul Harvey, Dr.; John Does, 1-100,
Defendants-Appellees.
 No. 94-2456.
 United States Court of Appeals, Sixth Circuit.
 June 13, 1995.
 
 1
 Before NELSON and RYAN, Circuit Judges; and ECHOLS, District Judge.*
 
 ORDER
 
 2
 Joseph E. Birrell, a pro se Michigan prisoner, appeals the Sec. 1915(d) dismissal and summary judgment in favor of the defendants in this civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In his complaint, Birrell alleged cancelled appointments, denial of recommended treatment, and inadequate medical attention, for a serious liver condition. Claiming violations of his Fifth, Eighth, and Fourteenth Amendment rights, and those guaranteed by the Michigan Constitution, Birrell sought declaratory judgment, injunctive relief, and compensatory and punitive damages.
 
 
 4
 The complaint against the State of Michigan, the Governor of Michigan, and the Michigan Director of Public Health was dismissed pursuant to 28 U.S.C. Sec. 1915(d) in an order dated January 13, 1994. Defendant Shortt, who is no longer employed by the Michigan Department of Corrections, has not been served.
 
 
 5
 The remaining defendants filed a motion for summary judgment on May 13, 1994. The motion was referred to a magistrate judge who issued a report recommending that summary judgment be granted in favor of the defendants. Despite Birrell's objections, the district court adopted the report and recommendation in an order filed November 23, 1994.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion when the court dismissed, as frivolous, Birrell's complaint against the State of Michigan, the Governor of Michigan, and the Michigan Director of Public Health. See Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 1734 (1992). The State of Michigan is immune from suit under the Eleventh Amendment. See Welch v. Texas Dep't of Highways and Public Transp., 483 U.S. 468, 472-73 (1987); Alabama v. Pugh, 438 U.S. 781, 782 (1978). Concerning the Governor of Michigan and the Michigan Director of Public Health, Birrell did not allege, and the facts fail to show, that these defendants were personally involved in or authorized, approved or knowingly acquiesced in the allegedly unconstitutional conduct. See Walton v. City of Southfield, 995 F.2d 1331, 1340 (6th Cir.1993); Hicks v. Frey, 992 F.2d 1450, 1455 (6th Cir.1993); Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 7
 Upon further review, we conclude that summary judgment in favor of the remaining defendants was proper because there is no genuine issue as to any material fact and the defendants are entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); see City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 250 (6th Cir.1994); LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 8
 There is no indication that defendants Grant, Green, Borgert and Holloway were personally involved in the alleged violation of Birrell's constitutional rights. Liability on Birrell's Eighth Amendment claim against these defendants cannot be established absent a clear showing that the defendants were personally involved in the activity forming the basis of the alleged unconstitutional behavior. See Rizzo v. Goode, 423 U.S. 362, 371 (1976). The undisputed affidavits of these defendants show that they had no knowledge of the events giving rise to this lawsuit. Thus, summary judgment was proper in light of the inadequate evidence to support a claim of personal involvement by these defendants.
 
 
 9
 As to the remaining defendants, Birrell's own exhibits and the defendants' affidavits establish that Birrell received competent medical attention and that none of the defendants were deliberately indifferent to his serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). Essentially, Birrell disagrees with the quantity and quality of treatment he has received. A difference of opinion between a prisoner and a doctor over diagnosis or treatment does not state an Eighth Amendment claim of deliberate indifference to a serious medical need. Estelle, 429 U.S. at 107; Westlake v. Lucas, 537 F.2d 857, 860 n. 5 (6th Cir.1976).
 
 
 10
 Finally, summary judgment was proper insofar as Birrell alleged that the defendants conspired to cover-up their alleged wrongful actions toward him. Birrell's allegations of conspiracy are simply too conclusory and speculative to state a claim under Sec. 1985. See Gutierrez v. Lynch, 826 F.2d 1534, 1538-39 (6th Cir.1987); Smith v. Rose, 760 F.2d 102, 107 (6th Cir.1985). In any event, Birrell did not allege that the defendants were motivated by an intent to discriminate on the basis of race or some other class-based invidiously discriminatory animus. See United Bhd. of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825, 834-39 (1983); Wolotsky v. Huhn, 960 F.2d 1331, 1338 (6th Cir.1992).
 
 
 11
 For the foregoing reasons, the district court's order and judgment are affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert L. Echols, United States District Judge for the Middle District of Tennessee, sitting by designation