95 F.3d 1152
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norbert EELBODE, Plaintiff-Appellant,
v.
MICHIGAN DEPARTMENT OF CORRECTIONS; Dr. Baker; Dr.
Pramstaller; Dr. Kallis; Dr. Barth, Defendants-Appellees.
 No. 95-2138.
 United States Court of Appeals, Sixth Circuit.
 Aug. 23, 1996.
 
 Before: SILER, MOORE, and COLE, Circuit Judges.
 
 ORDER
 
 1
 Norbert Eelbode appeals pro se from a district court judgment that dismissed his civil rights case filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Eelbode alleged that the defendants were deliberately indifferent to his serious medical needs while he was incarcerated at several Michigan prisons. He alleged that the defendants prescribed a "dangerous combination" of Coumadin and aspirin for his cardiovascular condition, that they delayed his treatment, and that they retaliated against him by refusing to provide him with medication. On September 14, 1995, the district court dismissed the complaint under 28 U.S.C. § 1915(d). Eelbode's motion for reconsideration was denied on September 25, 1995, and he now appeals. He has filed a motion for miscellaneous relief seeking permission to file additional evidence in support of his claims.
 
 
 3
 A complaint may be dismissed as frivolous under 28 U.S.C. § 1915(d), if it relies on an indisputably meritless legal theory or on factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989). Such a complaint may be dismissed without service of process because it "lacks an arguable basis either in law or in fact." Id. at 325. We review such a dismissal for an abuse of discretion. Denton v. Hernandez, 504 U.S. 25, 33 (1992).
 
 
 4
 Eelbode's brief does not include any arguments regarding his retaliation claim. He has, therefore, abandoned any retaliation claim that he might have had for purposes of appellate review. See Wright v. Holbrook, 794 F.2d 1152, 1156-57 (6th Cir.1986).
 
 
 5
 The Eighth Amendment's proscription against cruel and unusual punishment includes deliberate indifference to an inmate's serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). However, deliberate indifference does not include mere negligence. Id. at 106; Sanderfer v. Nichols, 62 F.3d 151, 154 (6th Cir.1995). Thus, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted." Farmer v. Brennan, 114 S.Ct.1970, 1982-83 (1994).
 
 
 6
 The district court did not abuse its discretion by dismissing Eelbode's claims under this test, as the pleadings show that he received medical treatment for his alleged maladies. Eelbode was given medication for his stomach problems, and treatment with aspirin was discontinued when blood appeared in his stool. Moreover, surgery was subsequently performed to correct his carotid artery disease. Hence, Eelbode has alleged no more than a medical malpractice claim, which does not rise to the level of a cognizable Eighth Amendment violation under 42 U.S.C. § 1983. See Estelle, 429 U.S. at 107-08; Sanderfer, 62 F.3d at 155.
 
 
 7
 Eelbode argues that the court should have allowed him to join the warden of one prison as a party. The court did not abuse its discretion in this regard, as Eelbode's claim against the warden was based on a theory of respondeat superior and his claims against the warden's subordinates were frivolous. See Birrell v. Brown, 867 F.2d 956, 959 (6th Cir.1989).
 
 
 8
 Accordingly, Eelbode's motion for miscellaneous relief is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.